# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JEFFREY SCOTT KOWALSKI,

    *Plaintiff*,

v.

CHRIS KOSTER, *in his official capacity as Attorney General for the State of Missouri*,

    *Defendant*.
_____/

CASE NO. 10-CV-12180

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO TRANSFER CASE
(Doc. 13)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED** and this case be transferred to the U.S. District Court for the Western District of Missouri.

## II. REPORT

### A. Introduction

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management pursuant to 28 U.S.C. § 636(b). (Doc. 4.) Before the Court is the above-entitled motion to transfer the case. Defendant has not filed a

response in opposition to the motion within the time allowed by E.D. Mich. LR 7.1(e)(2). Having considered the information provided, the Court is satisfied that it would not be assisted by oral argument on the motion. Thus, in accordance with local rules, the motion is submitted and ready for Report and Recommendation. E.D. Mich. LR 7.1(f)(2).

**B.     Background**

Plaintiff Jeffrey Kowalski lives in Hemlock, Michigan. He filed his *pro se* complaint against the Chris Koster, Attorney General for the State of Missouri, on June 2, 2010. The complaint states that it is an action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. Plaintiff asserts that he operates a website where he publishes a list of public officials and users of the site may post information about the officials, such as their sexual orientation. Plaintiff alleges that he has been threatened by the Missouri Attorney General that he is going to be criminally prosecuted for operating the website. Plaintiff seeks a declaratory judgment and injunctive relief against the criminal prosecution on the basis of the First and Fourth Amendments, the Commerce Clause, and the Communications Decency Act.

Plaintiff's application to proceed *in forma pauperis* was granted (Doc. 5) and therefore the U.S. Marshal was directed to serve process on Defendant. On February 9, 2011, Defendant appeared through counsel and asserted that proper service was not accomplished. (Doc. 9 at 4.) Counsel for Defendant stated, "[w]hile Defendant Koster is willing to waive formal service in this matter, he has not done so yet." (*Id*. at 5.) Counsel moved for additional time to respond to the complaint. (*Id.*)

On February 23, 2011, Plaintiff Kowalski filed a motion to transfer the case pursuant to 28 U.S.C. § 1404(a), stating the following:

> Plaintiff brought suit against the Missouri Attorney General. The United States District Court for the Western District of Missouri is the proper venue and more convenient forum for this action. The defendant, Chris Koster, resides in Cole County, Missouri. Cole County is located in the Western District of Missouri. The Plaintiff conferred with the opposing party pursuant to Local Rule 7.1(a)(1) and the Defendant does not oppose the requested relief.

(Doc. 13 at 2-3.) Counsel for Defendant did not file a response.

### C. Analysis & Conclusion

The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

The federal statute governing change of venue provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's

choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

In this case, Defendant resides in Jefferson City, Missouri, which is in Cole County. Cole County is located within the geographical boundaries of the United States District Court for the Western District of Missouri. 28 U.S.C. § 105(b). When considering the convenience of the parties and witnesses, as well as the interests of justice, the fact that the parties are in agreement that the case be transferred to a court where venue is proper is, I suggest, of paramount consideration. Accordingly, I suggest that Plaintiff's motion to transfer the case to the U.S. District Court for the Western District of Missouri be granted.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                      s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: April 26, 2011                    United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this R&R was electronically filed this date, electronically served on Jamie Nisidis, and served on Jeffrey Scott Kowalski by first class mail.

Date: April 26, 2011               By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder